```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**LAWRENCE E. PANNELL and**
**LISA E. PANNELL,**

      **Plaintiffs,**

**v.**                                   **CIVIL ACTION NO. 2:08-00912**

**GREEN TREE SERVICING, LLC,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to dismiss of defendant American Bankers Life Assurance Company of Florida ("ABLAC"). (Doc. No. 29.) For the reasons set forth below, the motion is granted.

### I. Background

This action originated in the Circuit Court of Kanawha County, West Virginia, with a complaint filed on June 5, 2008. (Doc. No. 1 Ex. B.) Plaintiffs Lawrence E. Pannell and Lisa E. Pannell, husband and wife, allege wrongdoing in connection with the financing of their home. (Id. ¶¶ 1-2.) After the loan in question was closed on December 20, 2000, its servicing rights were transferred to non-party Conseco Finance Servicing Corporation ("Conseco Finance"), the predecessor in interest of defendant Green Tree Servicing LLC ("Green Tree Servicing"). (Id. ¶ 4.) At the same time, Mr. Pannell applied for single decreasing term credit life insurance and retroactive credit

disability insurance with defendant ABLAC, a policy for which was subsequently issued for the period beginning December 26, 2000, and ending January 4, 2008. (Doc. No. 29 Exs. B, C.)

Shortly after suffering a work-related injury in May 2002, Mr. Pannell submitted a disability claim to ABLAC. (Doc. No. 1 Ex. B ¶ 5.) After approving the claim, ABLAC began providing insurance proceeds to the Pannells' account with Conseco Finance, and subsequently with Green Tree Servicing, when the latter obtained the servicing rights to plaintiffs' loan in August 2003.[1] (Id. ¶¶ 5-7.) Plaintiffs allege, however, that during the disability period of June 12, 2002, to January 4, 2007, "Defendants routinely provided untimely proceeds and/or routinely failed to timely apply said proceeds." (Id. ¶ 8.) As a result, Conseco Finance and Green Tree Servicing assessed and collected late fees against plaintiffs, and did so more than one time per delinquency during the disability period. (Id. ¶ 9.) These defendants also placed plaintiffs' account in default on numerous occasions during the disability period. (Id. ¶ 10.) When payment of the insurance proceeds ceased in January 2008, plaintiffs fell behind on their loan payments. (Id. ¶ 11.)

---

[1] The complaint states that, once Green Tree Servicing obtained the servicing rights to plaintiffs' loan, ABLAC provided these insurance proceeds to Green Tree Servicing "via Defendant Green Tree Insurance." (Doc. No. 1 Ex. B ¶ 7.)

With respect to defendant ABLAC,[2] plaintiffs allege in Count One a claim for breach of the implied duty of good faith and fair dealing, which the complaint describes as an implicit duty not to "do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract."  (Id. ¶ 17.)  ABLAC, plaintiffs allege, breached this duty by "[f]ailing to timely provide and credit insurance proceeds . . . ."  (Id. ¶ 18.)  With regard to Count One, the Pannells seek declaratory relief, actual and punitive damages, attorney's fees and costs, and any other appropriate relief.  (Id. ¶ 20.)

On July 9, 2008, Green Tree Servicing and Green Tree Insurance removed the action to this court, citing both federal question jurisdiction and diversity jurisdiction.  (Doc. No. 1.)  Shortly thereafter, defendant National Real Estate Information Services was dismissed upon agreement of the parties.  (Doc. No. 12.)  On August 13, 2008, the plaintiffs and the Green Tree defendants stipulated to the arbitration of their dispute, and moved to stay this matter pending resolution by arbitration.  (Doc. Nos. 18, 19.)  ABLAC objected to the proposed stay, however, asserting that it would reserve deciding whether to

---

[2]  Because the instant motion to dismiss is brought solely on behalf of defendant ABLAC, the court dispenses with a recitation of the allegations pertaining to the other defendants.

participate in arbitration pending receipt of certain documents from the Green Tree defendants.  (Doc. No. 21.)  Unless it ultimately agrees to arbitration, ABLAC argues, a stay of this matter would be inappropriate.  (Id.)  ABLAC subsequently filed the instant motion to dismiss, which is ripe for adjudication.  (Doc. No. 29.)

## II.  Standard of Review

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 127 S. Ct. at 1969.  As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Lainer

v. Norfolk S. Corp., No. 06-1986, 2007 U.S. App. LEXIS 28253, at *3 (4th Cir. Dec. 5, 2007) (quoting Twombly, 127 S. Ct. at 1974).

Attached to ABLAC's motion to dismiss are several documents, including the insurance policy it issued to plaintiffs.  (Doc. No. 29 Ex. C.)  Although extrinsic evidence generally should not be considered on a motion under Rule 12(b)(6), "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'"  Both requirements are met here, and the court has considered the policy in its review of defendant's motion.

### III.  Analysis

In moving to dismiss, ABLAC argues that the sole claim against it – that of breach of the duty of good faith and fair dealing – cannot be maintained independent of an accompanying claim for breach of contract.  (Doc. No. 30 at 7.)  As ABLAC explains, this count is grounded on ABLAC's allegedly untimely payment of insurance proceeds, as a result of which Green Tree Servicing and its predecessor placed plaintiffs' account in default.  (Id. at 8.)  As such, ABLAC argues, plaintiffs' claim against ABLAC is premised essentially on the acts of ABLAC's co-defendants in servicing the account, rather than on any breach by ABLAC, itself.  (Id.)

Indeed, plaintiffs acknowledge that ABLAC had no contractual obligation to provide payments in tandem with the repayment schedule set forth in the Pannells' contract with Green Tree Servicing. (Doc. No. 33 at 7.) Rather, plaintiffs rely on a general provision of the insurance policy describing the benefits accruing to them under the policy: "The proceeds will be paid to the creditor to pay off or reduce an insured's debt." (Doc. No. 29 Ex. C at 4.) While they do not allege that ABLAC failed to make payments under the insurance policy, the Pannells assert "that the way in which Defendant ABLAC submitted the proceeds detrimentally interfered with the Plaintiffs' right to one of the general provisions of the policy." (Doc. No. 33 at 6.)

As this court has previously explained, "Good faith and fair dealing are pervasive requirements in the law; parties to contracts or commercial transactions are bound by this standard." Knapp v. Am. Gen. Fin. Inc., 111 F. Supp. 2d 758, 767 (S.D. W. Va. 2000)(Haden, C.J.). Indeed, West Virginia law considers these requirements to be implicit in every contract. See Harless v. First Nat'l Bank in Fairmont, 246 S.E.2d 270, 274 (1978). It does not follow, however, that a violation of this duty alone gives rise to a cause of action.

In Stand Energy Corp. v. Columbia Gas Transmission Corp., 373 F. Supp. 2d 631 (S.D. W. Va. 2005)(Chambers, J.), this court determined that the implied duty of good faith, while relevant to

evaluating a party's performance of a contract, does not provide the basis for a cause of action independent of a breach of contract claim.  Id. at 644; see also Highmark West Virginia, Inc. v. Jamie, 655 S.E.2d 509, 514 (W. Va. 2007)(noting holding of Stand and resolving case on other grounds).  The court reached the same conclusion in Cavcon, Inc. v. Endress + Hauser, Inc., 557 F. Supp. 2d 706, 729-30 (S.D. W. Va. 2008)(Copenhaver, J.).  In the absence of any mandatory authority to the contrary, the court will follow the apt reasoning of Judge Chambers and Judge Copenhaver.[3]

---

[3] In further support of its argument, ABLAC cites Light v. Allstate Insurance Co., 182 F.R.D. 210, 213 (S.D. W. Va. 1998)(Hallanan, J.), as follows: "It is axiomatic . . . that one cannot establish a cause of action for bad faith without first establishing a breach of contract: '[T]hen and only then [will an insurer] be faced with the bad faith claim.'"  (Doc. No. 30 at 7 (citing Light, 182 F.R.D. at 213).)

As plaintiffs observe, however, ABLAC has taken the above quotation out of context in a rather misleading way.  In fact, Judge Elizabeth V. Hallanan was discussing the practical implications of bifurcation:

> With respect to the incentive to settle, bifurcation affords Allstate, the holder of vast resources, the opportunity to go forward with this five year old action in piecemeal fashion.  Allstate would be allowed to first try the contract claim, and should defense of that claim prove fruitless, *then and only then be faced with the bad faith claim*.

Light, 182 F.R.D. at 213 (emphasis added).  As such, the case is not relevant to the matter currently before the court.

## IV.   Conclusion

Having determined that Count One of the complaint, the sole count alleged against ABLAC, does not state a claim upon which relief may be granted, the court hereby **GRANTS** ABLAC's motion to dismiss (Doc. No. 29) and **DISMISSES** ABLAC from this matter with prejudice.[4]

In accordance with the stipulation of the remaining parties (Doc. Nos. 18, 19), the court hereby **STAYS** this action pending resolution of the remaining claims and defenses by arbitration. The Clerk is directed to remove this matter from the court's active docket.

The Clerk is further directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 5th day of February, 2009.

ENTER:

*David A. Faber*

David A. Faber
United States District Judge

---

[4] Plaintiffs request that, to the extent the court may conclude, "as a technical matter, that the title of the count should be stated 'Breach of Contract,'" they be granted leave to amend the complaint to so state. (Doc. No. 33 at 7.) Because such an amendment would not remedy the deficiency in plaintiffs' allegations against ABLAC, the request is denied.